DANIEL G. O'DONNELL, SBN (155092)
Law Offices of Clancey, Doyle & O'Donnell
901 F Street, Suite 120
Sacramento, California 95827
Telephone: (916) 922-9301
Facsimile: (916) 922-0418

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOLOI FOLOI,<br><br>   Plaintiff,<br><br> v.<br><br>UNITED STATES OF AMERICA and DOES 1-100, inclusive<br><br>   Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES: |

COMES NOW Plaintiff and alleges a single cause of action for negligence under the Federal Tort Claims Act:

I.

This is an action arising under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. This Court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b).

II.

Plaintiff resides in the city of Sacramento, Sacramento County, California, all of which are within the Federal judicial district of the United States District Court, Eastern District of

California. The venue is thus proper. The acts and omissions in this described in this complaint occurred within Alameda County, California.

III.

The incidents complained of herein occurred at 3:15 p.m. on or about June 6, 2006 on a Coast Guard vessel, "USCG Cutter Monroe," docked in Alameda County, California.

IV.

At all times mentioned herein, plaintiff was an employee of Nautical Engineering, Inc., a company hired by defendant to perform work on "USGC Cutter Monroe," an invitee of defendant, and had permission to use the premises and access the portions of the vessel where the incidents described herein occurred.

V.

At all times mentioned, defendant, by and through the Coast Guard a division of the department of Homeland Security, a federal agency of defendant United States of America, was and now is the owner and operator of a vessel, USGC Cutter Monroe, located at Alameda, California.

VI.

At all times mentioned, DOES 1-100 were and now are employees of the Coast Guard. These employees of defendant were acting within the scope of their respective employments, and with the permission and consent of defendant in performing the acts or omissions set out in this complaint.

VII.

Defendant maintains Defendant had a duty to maintain USGC Cutter Monroe in a reasonably safe condition for use by any and all invitees, and under California law is responsible for any injury occasioned by its want of ordinary care or skill in the management of its property.

VIII.

At all times mentioned defendant and/or its employees had a duty to inspect and/or repair the vessel to ensure that safe passage could be made down any walkway, ingress, egress, stairway, or ladder known to be used by any member of the public, including employees, agents, and/or representatives of any contractors, licensees, invitees, or any other person reasonably expected to use the property for any lawful purpose.

IX.

On June 6, 2006, plaintiff was assigned duties on USGC Cutter Monroe by his employer, Nautical Engineering, Inc.. While an employee of Nautical Engineering, Inc., he was expected, required and permitted to use and access all necessary and ordinary stairwells attached to and integrated into the structure of the vessel to effectuate the work that defendant had contracted for. While plaintiff was using a ladder physically attached to the vessel, the ladder broke, causing plaintiff to fall to the ground and cause severe bodily injuries.

X.

At the time of the incident described herein, plaintiff was using the ladder in a reasonably foreseeable manner, and used due care for his own safety.

XI.

At the time of the incident, defendant and/or its employees had actual and/or constructive notice that the ladder was not properly attached to the vessel and that it posed a danger to all foreseeable users. The injuries to plaintiff were directly and proximately caused by the negligence of the defendant and/or its employees, in that they carelessly, wrongfully, and negligently:

   (a) Failed to remove, replace or reinforce the defective and inadequate ladder and/or its components, fasteners or the structure to which it was fastened to, although it knew, or in the

exercise of reasonable care, should have known, that it was weak, rotten, unstable, and likely to deteriorate, and was thereby facilitating the failure without warning at any time.

    (b) Failed to cordon off, or prevent access to the ladder, although they knew, or in the exercise of reasonable care should have known that this ladder, if it were to collapse, would result in bodily injury to a person using it.

    (c) Permitted plaintiff to be assigned to perform work , when they knew, or in the exercise of reasonable care should have known, that the vessel contained hidden defects and was dangerous and unfit for occupancy while the ladder remained unsecured;

    (d) Failed to warn plaintiff of the danger presented by the defective ladder on the vessel.

XII.

As a direct and proximate result of defendant's negligence, plaintiff suffered numerous bodily injuries, including cervical and lumbar strains, bilateral forearm pain, vertebral disc damage, and will require surgery to plaintiff's damage in a sum not yet determined. Plaintiff will pray leave of this Court to amend this complaint and incorporate the amount of such expenses and obligations incurred.

XII.

As a direct and proximate result of these injuries, plaintiff has been suffering, and will continue to suffer pain and physical disability and distress to plaintiff's general damage in the amount of $3,000,000.00 . As a further direct and proximate result of the injuries sustained, plaintiff will be forced to undergo many painful surgical operations, medical treatments, and rehabilitating procedures, and has incurred and will incur obligations and expenses in an amount not presently known, and plaintiff will pray leave of this Court to amend this complaint and incorporate the amount of such expenses and obligations incurred.

XIII.

As a further direct and proximate result of defendant's negligence, plaintiff has been unable to work at his employment as a ship fitter since the accident and has lost wages of $83,520.00.

XIV.

As a further direct and proximate result of defendant's negligence, plaintiff's earning power has been reduced and permanently impaired in an amount not presently known, and plaintiff will pray leave of this Court to amend this complaint and incorporate the amount of such expenses and obligations incurred.

XV.

On October 15, 2007, plaintiff submitted a claim based on these allegations in the amount of $3,000,000.00 to the United States Coast Guard. On February 13, 2008, such claim, number 3307LC0091, was rejected by letter from the Department of Homeland Security.

WHEREFORE, plaintiff demands judgment against defendant in the sum of $3,000,000.00, together with plaintiff's costs in this action, and such other and further relief as the Court may deem proper.

Dated: June 5, 2008          LAW OFFICES OF CLANCEY, DOYLE & O'DONNELL

_____
DANIEL G. O'DONNELL, ESQ.